UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 15-40224-KKS |
| CHUBBY'S CHICKEN FINGERS, LLC | ) CHAPTER 11 |
| | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |

**DEBTOR'S FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS APPROVING PAYMENT OF NECESSARY PRE-PETITION DEBT OWED TO CRITICAL VENDOR, REINHART FOODSERVICE REQUESTING AN EXPEDITED HEARING; AND GRANTING RELATED RELIEF**

---

**BASIS FOR EXPEDITED HEARING**

The Debtor requests this Court to schedule an expedited hearing after the filing of this Motion in order that the Debtor may continue its business operations without interruption.

---

COMES NOW the Debtor, Chubby's Chicken Fingers, LLC, by and through its undersigned attorney, and moves this Court for an Order authorizing the Debtor to (i) on an interim basis, pay for any pre-petition food and service related items due provider Reinhart Foodservice ("Reinhart"), (ii) on an interim basis, pay post-petition bi-monthly obligations to Reinhart; and (iii) on a final basis after notice to creditors, pay post-petition bi-monthly obligations to Reinhart and waive any avoidance actions against Reinhart (which the Debtor believes are subject to complete defenses, as described below). In support, Debtor states:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b).

2. This matter is a core proceeding under 28 U.S.C. §157.

**Background**

3. On April 22, 2015 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

4. The Debtor is an LLC organized in the State of Florida on February 24, 2015. The Debtor has approximately 25 employees operates a retail restaurant in Valdosta, Lowndes County, Georgia.

### Relief Requested

5. Debtor exclusively uses commercial food vendors for all of its food products and related paper and service supplies. Reinhart Foodservice (Reinhart) has provided such goods in the past and can provide one hundred percent (100%) of the debtor's food and supply inventory in order for Debtor to operate its business.

6. Reinhart will allow the Debtor to operate its business on normal terms provided all pre-petition amounts due Reinhart are paid. On the date of the filing of this Motion, Debtor and Reinhart are negotiating the terms for the payment of prepetition debt.

7. Debtor will be discontinuing 3 food vendors and consolidating its purchasing to one primary vendor if this Motion is approved resulting in cost savings and terms that would not otherwise be available to Debtor.

8. Accordingly, Reinhart is the classic "critical vendor," under applicable caselaw, for a variety of reasons:

    A. Debtor cannot replace Reinhart.

    B. Debtor's business is operated on a 7 day a week basis and any disruption of food supplies and service items for even one day could result in the complete failure of the Debtor's business as a going concern.

2

9. Reinhart is owed approximately $7,300.00 as of the Petition Date. In the days leading up to the Petition Date, the Debtor has worked out an arrangement with Reinhart that is beneficial to its Estate, including the treatment of Reinhart as a critical vendor, as set forth below.

10. There are several implications to this practice that are important to this Motion. As of the Petition Date, all of Reinhart's claim, approximately $7,300.00, is entitled to administrative priority status under Section 503(b)(1)(A), (9) of the Bankruptcy Code. That section provides, in pertinent part, that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502 (f) of this title, including—
>
> (1) (A) the actual, necessary cost and expenses of preserving the estate including--
>
> (9) the value of any goods received by The Debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to The Debtor in the ordinary course of such debtor's business.

Thus, by treating Reinhart as a critical vendor, the Debtor is paying a claim that would otherwise at a minimum partially entitled to administrative expense priority.

11. The Debtor's pre-petition payment practices as well as Reinhart providing services on an ongoing basis to Debtor means that the Debtor does not believe that it has any potential claim against Reinhart under Section 547 of the Bankruptcy Code. Specifically, the Debtor's pre-petition practice, both during the 90-day preference period and well before the 90-day preference period, was to pay Reinhart bi-monthly for the deliveries made by Reinhart so that terms never exceeded fifteen days from date of delivery. Thus, the Debtor believes that

not only would Reinhart have a full defense to any potential preference claim pursuant to the "ordinary course of business" defense, but that Reinhart provided new value following each payment by the continuing, regular, providing of services.

12.     It is a material benefit to the Debtor to continue to use the services of Reinhart. If this Motion was no granted, then the Debtor may no longer be able to provide continuing food deliveries and necessary supplies for the operation of Debtor's business. Thus, it is in the Debtor's interests, to agree to reasonable terms governing Reinhart's continued post-petition services, as follows:

    A.     The Debtor shall pay Reinhart's pre-petition claim in full.

    B.     Reinhart is not willing to support the Debtor with post-petition services if it may be subject to a preference or other avoidance claim later on. Accordingly, and in light of the Debtor's analysis of any potential claims and Reinhart's "ordinary course" and "new value" defenses, entry of an order approving this Motion will also effectuate a waiver of all avoidance actions the Debtor or its Estate may have arising from payments to Reinhart for services pre-petition.

13.     Section 363(b)(1) of Title 11 of the Bankruptcy Code provides, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Additionally, Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory or under applicable equitable common law principles.  Together, Sections 363(b)(1) and 105(a) provide courts with the power to authorize payment of pre-petition amounts for critical vendors. *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20

(Bankr. M.D. Fl. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks.").

14. In *In re Kmart Corporation*, the Seventh Circuit considered the basis for critical vendor claims, finding the debtor must prove that (1) but for payment of its pre-petition claim, it will cease dealing with the debtor; and (2) the debtor's business will gain benefit from continued transactions with the critical vendor such that a residual benefit will be conferred upon the remaining creditors, or at least will leave them no worse off. 359 B.R. 866, 868 (7th Cir. 2004). Ultimately, "if paying the critical vendor would enable a successful reorganization and make even the disfavored creditors better off, then all creditors favor payment whether or not they are designated as 'critical.'" *Id.* at 872.

15. Other courts, in considering the impact of *In re Kmart*, have developed a three-prong test to determine critical vendor status: "(1) the vendor must be necessary for the successful reorganization of the debtor; (2) the transaction must be in the sound business judgment of the debtor; and (3) the favorable treatment of the critical vendor must not prejudice other unsecured creditors." *See, e.g., In re Corner Home Care, Inc.*, 438 B.R. 122, 127 (Bankr. W.D. Ky. 2010); *In re United American, Inc.*, 327 B.R. 776, 782 (Bankr. E.D. Va. 2005).

16. The arrangement with Reinhart satisfies all of these standards. Reinhart is able to provide limited terms to Debtor when no other supplier would allow any terms until payment had been made in full on pre-petition debt. Debtor would not be able to immediately duplicate food vendors in a timely manner in order to provide maximum benefit to the Debtors estate. Likewise, under cases such as *Corner Home* and *United American*, Reinhart is necessary (indeed, essential), this overall deal is sound for the Debtor, and there is no prejudice to other

creditors, and the Debtor is simply waiving avoidance claims as to which Reinhart would have complete defenses.

WHEREFORE, the Debtor, Chubby's Chicken Fingers, LLC, respectfully requests that the Court enter an order granting this Motion, authorizing the Debtor, as interim relief, to (i) pay the pre-petition debt of Reinhart in return for the continued deliveries of necessary food and service related items; (ii) after notice to creditors as final relief, waive all potential avoidance actions it or its Estate may have against Reinhart; and (iii) all other relief the Court deems appropriate.

Dated: April 22, 2015.

/s/ Robert C. Bruner
Robert C. Bruner, Esq.
Florida Bar #0065876
261 Pinewood Drive
Tallahassee, FL 32303
TEL: (850) 385-0342
FAX: (850) 270-2441

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of Debtor's Motion for Interim and Final Orders Approving Payment of Necessary Pre-Petition Debts Owed to Reinhart and for Related Relief has been furnished to the Office of the U.S. Trustee by electronic filing this 22nd day of April, 2015 and all other parties listed to receive notice/service electronically or by first class, U.S. mail, postage prepaid, including:

The Creditor Matrix

/s/ Robert C. Bruner
Robert C. Bruner, Esq.

```
bel Matrix for local noticing          Chubby's Chicken Fingers LLC         Florida Dept. of Labor/Employment Security
29-4                                   PO Box 10962                         c/o Florida Dept. of Revenue
se 15-40224                            Tallahassee, FL 32302-2962           P.O. Box 6668
rthern District of Florida                                                  Tallahassee, FL 32314-6668
llahassee
d Apr 22 16:19:19 EDT 2015

orida Dept. of Revenue                 U.S. Attorney (Tallahassee Office)   (p)U S SECURITIES AND EXCHANGE COMMISSION
nkruptcy Unit                          111 N. Adams Street                  ATLANTA REG OFFICE AND REORG
0. Box 6668                            Fourth Floor                         950 E PACES FERRY RD NE STE 900
llahassee, FL 32314-6668               Tallahassee, FL 32301-7736           ATLANTA GA 30326-1382


g Bend Restaurant Supply               Cheney Brothers, Inc.                Georgia Department of Revenue
0 Capital Circle SE #15                2801 W. Silver Springs Blvd.         5655 Peachtree Parkway Suite 213
llahassee, FL 32301-3839               Ocala, FL 34475-5655                 Norcross, GA 30092-2828



eene Poultry Co., Inc.                 Internal Revenue Service             Manny's Baytree Valdosta #1, LLC
0. Box 97                              P.O. Box 7346                        1804 Plum Street
on City, GA 39859-0097                 Philadelphia, PA 19101-7346          Valdosta, GA 31601-4351



umbing Service Company                 Reinhart Food Service, LLC           Robert G. Nix, III
0. Box 1608                            107 B Avenue                         409 East 7th Ave.
ldosta, GA 31603-1608                  Valdosta, GA 31601-5153              Tallahassee, FL 32303-5601



Capital, LLC                           Sysco                                US Foods, Inc.
31 Turtlecreek Blvd. #1120             1390 Enclave Parkway                 P.O. Box 405873
llas, TX 75219-5440                    Houston, TX 77077-2099               Atlanta, GA 30384-5800



ited States Trustee +                  Secretary of the Treasury +          Robert C. Bruner +
0 E. Park Avenue                       U.S. Treasury Department             261 Pinewood Drive
uite 128                               15th & Pennsylvania Ave.             Tallahassee, FL 32303-8510
llahassee, FL 32301-7728               Washington, DC 20220-0001
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
S. Securities & Exchange Commission
anch of Reorganization
75 Lenox Rd., N.E. Suite 100
lanta, GA 30326-1323
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.